# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**JOE A. TORRES OCASIO,** *et al.*,

   Plaintiffs,

   v.

**PERFECT SWEET INC.,** *et al.*,

   Defendants.

Civil No. 16-2012 (BJM)

## OPINION AND ORDER

Joe A. Torres Ocasio ("Ocassio") and his wife, Carla Yesika Lopez Fagundo ("Fagundo"), brought this diversity action against Perfect Sweet Inc., Ld White Sugar Corp., Perfecto Izquierdo Rivera, Herminio J. Rivera Morales, and several fictional defendants, alleging failure to comply with obligations under a promissory note and an investor agreement. Docket No. 1. Defendants moved to dismiss the case for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3), contending that the amount in controversy requirement of 28 U.S.C. § 1332(a) had not been met. Docket No. 32. Plaintiffs opposed. Docket No. 35. The parties consented to proceed before a magistrate judge. Docket No. 21.

For the reasons set out below, defendants' 12(h)(3) motion to dismiss for lack of subject-matter jurisdiction is **DENIED.**

## BACKGROUND

According to the complaint, in September 2012, Ocasio and Fagundo lent Perfect Sweet $65,000 dollars "in exchange for the repayment of said amount in thirty six (36) months with the payment of annual interest at twenty percent (20%)," and executed an Investor Agreement with Perfect Sweet. Docket No. 1 at 4 ¶¶ 16, 23. Perfect Sweet made the first two annual interest payments of $13,000. Docket No. 1 at 7 ¶¶ 28-29. In September 2015, "[Perfect Sweet] [was] required pursuant to the Investor Agreement and the

Promissory Note to repay the principal amount of $65,000.00 and the interest due of $13,000.00 equivalent to 20% to [Ocasio] and [Fagundo]." Docket No. 1 at 7 ¶ 30. Perfect Sweet did not pay either the principal amount or the interest due. Docket No. 1 at 7 ¶ 31. Ocasio and Fagundo claim that Perfect Sweet owes them $175,500.00 plus costs, legal interests, and attorney's fees. Docket No. 1 at 11.

In response, Perfect Sweet moved to dismiss the case for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3), contending that the amount in controversy requirement of 28 U.S.C. § 1332(a) had not been met. Docket No. 32 at 1. Perfect Sweet relies on P.R. Laws Ann. tit. 31, §§ 4591-4599, which covers usurious loans, as the basis for its motion. Docket No. 32 at 5 ¶¶ 15-17. In addition, Perfect Sweet alleges that the two annual payments of $13,000 made to Ocasio and Fagundo reduces the amount due to $39,000, which is well below the jurisdictional threshold of 28 U.S.C. § 1332(a). Docket No. 32 at 7 ¶ 22.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction, and "federal jurisdiction is never presumed." *Viqueira* v. *First Bank*, 140 F.3d 12, 16 (1st Cir. 1998). The party invoking the court's jurisdiction bears the burden to show that the actual amount in controversy exceeds the jurisdictional minimum. *Duchesne* v. *Am. Airlines, Inc.*, 758 F.2d 27, 28 (1st Cir. 1985) (citing *Gibbs* v. *Buck*, 307 U.S. 66, 72 (1939)).

Per 28 U.S.C. § 1332(a), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." In interpreting "exclusive of interest and costs," there is a "distinction which the cases recognize, between interest imposed as a penalty for delay in payment, and interest exacted as the agreed upon price for the hire of money. The former is the 'interest' which is excluded in determining jurisdictional amount; the latter is rightly computed as part of the amount to which the claimant is entitled." *Brainin* v. *Melikian*, 396

F.2d 153, 154 (3d Cir. 1968). The Supreme Court noted in *Brown* "the elementary distinction between interest as such and the use of an interest calculation as an instrumentality in arriving at the amount of damages to be awarded on the principal demand . . . . All such damage was therefore the principal demand in controversy, although interest and price and other things may have constituted some of the elements entering into the legal unit, the damage which the party was entitled to recover." *Brown* v. *Webster*, 156 U.S. 328, 329–30 (1895).

A claim should be dismissed for failing to meet U.S.C. § 1332(a) if the court is able to ascertain "'to a reasonable certainty that the claim is really for less than the jurisdictional amount' . . . ." *Duchesne*, 758 F.2d at 28 (quoting *St. Paul Mercury Indemnity Co.* v. *Red Cab Co.*, 303 U.S. 283, 289 (1938)). "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less that the jurisdictional amount to justify dismissal." *St. Paul*, 303 U.S. at 289.

The determination of the value of 'the matter in controversy' under 28 U.S.C. § 1332(a) "is a federal question to be decided under federal standards, although the federal courts must, of course, look to state law to determine the nature and extent of the right to be enforced in a diversity case." *Horton* v. *Liberty Mut. Ins. Co.*, 367 U.S. 348, 352-53 (1961). A plaintiff may not rely upon a claim for damages that cannot be legally awarded under state law in order to meet the threshold amount. *See Schwartz* v. *Victory Container Corp.*, 294 F. Supp. 866, 867 (S.D.N.Y. 1969). This is particularly so "when a specific rule of law or measure of damages limits the amount of damages recoverable." 14AA Charles Alan Wright et al, Federal Practice and Procedure § 3713 (4th ed. 2017); *see also Sanchez-Arroyo* v. *E. Airlines, Inc.*, 835 F.2d 407, 408 (1st Cir. 1987).

In this case, Perfect Sweet alleges that Puerto Rico's usury law limits the amount of damages that are recoverable by Ocasio and Fagundo. P.R. Laws Ann. tit. 31, §§ 4591-4599. Section 4591 provides that "no rate of interest shall be fixed in excess of . . . (8) dollars a year on each one hundred (100) dollars, when [the capital sum] exceeds [$3,000.]" P.R. Laws Ann. tit. 31, § 4591. This statutory provision also states that no contract that has an interest rate higher than the amount set in § 4591 "may be made effective in any court in Puerto Rico, except for the amount of the principal due; and the court must provide, furthermore, in the judgment directing the debtor to pay the principal, that the creditor shall recover only seventy-five (75) percent of said principal . . . ." P.R. Laws Ann. tit. 31, § 4594.

The promissory note that Ocasio and Fagundo are suing upon is for $65,000 with a 20% interest rate per annum. Docket No. 17-2 at 1. Perfect Sweet alleges that per § 4594 the maximum amount Ocasio and Fagundo can recover by law is 75% of $65,000, which is $48,750. Docket No. 32 at 5 ¶ 16. This is clearly below the jurisdictional amount of more than $75,000 required by 28 U.S.C. § 1332(a). But there is another provision, P.R. Laws Ann. tit. 14, § 3789, that expressly forbids corporate defendants from raising the defense of usury. *See Mansiones P. Gardens, Inc.* v. *Scotiabank*, 14 P.R. Offic. Trans. 664, 666 (1983); *FDIC* v. *La Rambla Shopping Ctr., Inc.*, 791 F.2d 215, 223 (1st Cir. 1986). Perfect Sweet is a corporation and, therefore, cannot raise a usury defense. P.R. Laws Ann. tit. 14, § 3789. Accordingly, Perfect Sweet's claim that Ocasio and Fagundo cannot legally recover the required jurisdictional amount because of Puerto Rico's usury law is without merit.

Perfect Sweet also alleges that the two annual payments of $13,000 made to Ocasio and Fagundo reduced the principal due to $39,000. Docket No. 32 at 7 ¶ 22. But the

promissory note states "the undersigned agrees to pay the bearer of this obligation the principal amount of sixty-five thousand dollars ($65,000.00) with interests [sic] at 20% per annum . . . ." Docket No. 17-2 at 1. 20% of $65,000 is $13,000. These two payments of $13,000 were arguably the annual interest installments and therefore did not reduce the principal due of $65,000. Ocasio and Fagundo allege, among other things, that they are due the principal amount of $65,000 plus the missed annual interest payment of $13,000. Docket No. 1 at 7 ¶ 30. This $13,000 interest is "interest exacted as the agreed upon price for the hire of money" and therefore can be included in the amount in controversy. *Brainin*, 396 F.2d at 154. This totals $78,000, which exceeds 28 U.S.C. § 1332(a)'s jurisdictional threshold of $75,000. Because Ocasio's and Fagundo's claim appears to be made in good faith, and because it is not a "legal certainty" that their claim is for less than the jurisdictional amount, *St. Paul*, 303 U.S. at 289, Perfect Sweet's motion to dismiss for lack of subject-matter jurisdiction is **DENIED.**

## CONCLUSION

For the foregoing reasons, the motion is **DENIED.**

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 7th day of June, 2017.

*S/Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge