**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **JOE A. TORRES OCASIO**, *et al.*,<br>    Plaintiffs,<br>v.<br><br>**PERFECT SWEET INC.**, *et al.*,<br>    Defendants. | Civil No. 16-2012 (BJM) |

**OPINION AND ORDER**

In this diversity action, plaintiffs Joe A. Torres Ocasio, Carla Yesika Lopez Fagundo and the Torres/Lopez conjugal partnership ("plaintiffs") sued defendants Perfect Sweet Corporation ("Perfect Sweet"), LD White Sugar Corporation ("LD White"), Perfecto Izquierdo Rivera, Herminio J. Rivera Morales, Beti Doe, and the Rivera/Doe conjugal partnership ("defendants") for breach of contract and damages. Docket No. 80 at 2. I entered against defendants pursuant to Federal Rule of Civil Procedure 55(a). Docket Nos. 68, 73. Plaintiffs moved, unopposed, for a default judgment under Federal Rule of Civil Procedure 55(b), Docket No. 80, and a default damages hearing was held. This matter is before me on consent of the parties. Docket No. 22.

For the reasons set forth below, plaintiffs' motion is **GRANTED**.

**DEFAULT JUDGMENT STANDARD**

After an entry of default has been made, "the court . . . may examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action." *Ramos-Falcón v. Autoridad de Energía Eléctrica*, 301 F.3d 1, 2 (1st Cir. 2002) (citing *Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir. 1992)). The party in default "is taken to have conceded the truth of th[ose] factual allegations." *Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n.3 (1st Cir. 1999). Default can only establish a defendant's liability, so plaintiffs must still "establish the extent of the damages resulting from defendant[s'] violations." *Eisler v. Stritzler*, 535 F.2d 148, 153–54 (1st Cir. 1976). A post-default hearing to determine the plaintiff's award is necessary if the amount of damages is in dispute or not ascertainable from the pleadings. *Graham v. Malone Freight Lines, Inc.*, 314 F.3d 7, 16 n.12 (1st Cir. 1999).

## BACKGROUND

The facts that follow are based on the allegations of the complaint and the evidence, testimonial and documentary, presented at the damages hearing.

Plaintiffs are natural citizens and residents of the State of Illinois. Docket No. 1 ¶¶ 1–2. Perfect Sweet manufactures and sells pastry and baking products. *Id.* ¶ 4. LD White sells and distributes sugar products. *Id.* ¶ 5. Perfecto Rivera Izquierdo is the President of LD White and a stockholder of Perfect Sweet and LD White. *Id.* ¶ 6. Herminio J. Rivera Morales is the President of Perfect Sweet and a stockholder of Perfect Sweet and LD White. *Id.* ¶ 7.

Plaintiffs and Perfecto Rivera, acting on behalf of Perfect Sweet, entered into a loan agreement on September 25, 2012. *Id.* ¶ 21. Under the terms of the promissory note, plaintiffs loaned $65,000 to Perfect Sweet with twenty percent interest. *Id.* Perfecto Rivera, on behalf of Perfect Sweet, agreed to pay the interest annually for three years and then repay the principal, along with the third interest payment, in full on September 25, 2015. *Id.* The promissory note further stated that "[i]n cases to the contrary or arrears an additional 25% interest will be paid for each payment due." Docket No. 17-2 at 1.

Plaintiffs and defendants also entered into an investor agreement which secured the loan from the promissory note with the assets of LD White and Perfect Sweet, as well as the assets of the stockholders of LD White and Perfect Sweet in the event that both corporations could not cover any existing debts. Docket Nos. 1 ¶ 24; 17-1 at 3. The promissory note also entitles the plaintiffs to $3,000 for attorney's fees and judicial expenses should they need to bring a legal claim against the defendants to recover any monies owed under the promissory note. Docket Nos. 1 ¶ 22; 17-2 at 1.

In October of 2013, defendants belatedly made their first interest payment to the plaintiffs. Docket No. 1 ¶ 28. The payment was for $13,000. *Id.* The defendants belatedly made their second interest payment in October of 2014. *Id.* Again, the payment was for $13,000. *Id.* ¶ 29. Then, in September of 2015, the defendants failed to pay any portion of the third interest payment or the principal amount, which was to be remitted at that time. *Id.* ¶ 31.

Plaintiffs now request $100,500 "plus the legal interest accrued since September 26, 2015" due to defendants' willful breach of the contractual terms of the promissory note. Docket No. 1 ¶¶ 34, 44.

Plaintiffs allege that Perfect Sweet, LD White, Perfecto Rivera Izquierdo, Herminio J. Rivera Morales, and the Rivera/Doe conjugal partnership are jointly and severally liable for the monies under the terms of the promissory note and the investor agreement. Docket Nos. 1 ¶¶ 36–37; 80 at 2; 17-1; 17-2.

Lastly, plaintiffs claim damages in the amount of $75,000 for the mental and emotional distress caused by defendants' failure to repay what amounted to the plaintiffs' life savings, which was to be intended as a college fund for their two daughters. Docket Nos. 1 ¶¶ 47, 49; 80 at 10.

At the damages hearing, plaintiffs presented nearly the same evidence that is listed in their complaint, including copies of the promissory note and investor agreement.[1] They also presented copies of checks paid to the defendants as part of the initial loan and testimony as to the emotional distress that this case has caused them.[2]

## DISCUSSION

### *Choice of Law*

"A federal court sitting in a diversity case must apply the choice of law rules of the forum state." *New Ponce Shopping Ctr., S.E. v. Integrant Assur. Co.*, 86 F.3d 265, 267 (1st Cir. 1996) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1996)). "Puerto Rico, the forum territory in this case, has approved the 'dominant or significant contacts' test for contract and tort actions. Under that test, the laws of the jurisdiction with the most significant contacts to the disputed issues will apply." *Id*. (citations omitted). However, choice-of-law clauses are presumptively valid in Puerto Rico and will be enforced unless the clause runs counter to a fundamental public policy consideration. *See Usine à Glace Nationale, S.A. v. Pepsi Cola Mktg. Corp.*, 206 F. Supp. 2d 253, 255 (D.P.R. 2002); *Odishelidze v. Agora, Inc.*, 1996 WL 655787, at

---

[1] The promissory note is listed as Exhibit Two. The investor agreement is listed as Exhibit Four.
[2] The checks are listed as Exhibits One and Two.

*1 (D.P.R. Oct. 31, 1996).

When the significant contacts doctrine applies, five factors are to be evaluated "in accordance with their relative importance to the issues presented by the lawsuit." *Allstate Ins. Co. v. Occidental Int'l, Inc.*, 140 F.3d 1, 3 (1st Cir. 1998). These are: "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicil[e], residence, nationality, place of incorporation and place of business of the parties." *Id.* (citing Restatement (Second) of Conflict of Laws § 188 (1971)).

The plaintiff and defendants hold different citizenships, and the amount in controversy exceeds $75,000.00. Docket No. 1 ¶¶ 1–12, 14. Thus, this is a diversity action in which Puerto Rico's choice-of-law rules apply. *See New Ponce Shopping Ctr., S.E.* 86 F.3d at 267. Because the promissory note does not contain a choice-of-law clause, the dominant contacts test applies to plaintiffs' claims. *Id*. at 267–68. The promissory note and investor agreement were negotiated and signed in Puerto Rico. Docket Nos. 17-1 at 5; 17-2 at 3. Perfect Sweet is incorporated in Puerto Rico and thus if its assets are sold to satisfy the defendants' existing debt, the place of performance will be Puerto Rico. Docket No. 17-1 at 2. Furthermore, the subject matter of the contract is the loan of $65,000 which was either used in Puerto Rico or is now in the hands of the defendants who reside in Puerto Rico. Docket No. 1 ¶¶ 4–5, 7–8. As all five factors reflect dominant contacts with Puerto Rico, Puerto Rico's substantive law applies.

### *Breach of Contract*

Under Puerto Rico law, a cause of action for breach of contract consists of three elements: "(1) a valid contract, (2) a breach by one of the parties to the contract; and (3) resulting damages." *Mega Media Holdings, Inc. v. Aerco Broad. Corp.*, 852 F. Supp. 2d 189, 199 (D.P.R. 2012). Causation between the breach and damages must also be shown. *See Soc. de Gananciales v. Velez & Asoc.*, 98 TSPR 54 (P.R. May 7, 1998) ("As is known, when the breach of a contractual obligation causes harm to any of the contracting parties, an action for damages for breach of contract lies."); *see also Colon v. Blades*, 717 F. Supp. 2d 175, 185 (D.P.R. 2010) ("An action for

damages for breach of contract ... only lies when the damage suffered exclusively arises as a consequence of the breach of an obligation specifically agreed upon, which damage would not occur without the existence of a contract."). For a contract to be valid, there must be "(1) the consent of the contracting parties, (2) a definite object which may be the subject of the contract, and (3) the cause for the obligation which may be established." 31 L.P.R.A. § 3391. Consent is shown "by the concurrence of the offer and acceptance of the thing and the cause which are to constitute the contract." 31 L.P.R.A. § 3401.

Because of defendants' default, plaintiffs' facts are not in dispute and will be accepted as true. Docket Nos. 68; 73; *see Franco* 184 F.3d at 9 n.3. Thus, plaintiffs have shown that a valid contract existed between themselves and Perfect Sweet, with Perfect Sweet to be represented by Perfecto Rivera Izquierdo. Docket No. 17-2. Plaintiffs have also shown that LD White and any stockholders of the LD White or Perfect Sweet are liable to the plaintiffs jointly and severally via the terms of an investor agreement. Docket Nos. 17-1 at 3. Plaintiffs have also alleged that a breach occurred: defendants agreed to but did not actually pay plaintiffs $78,000 on September 25, 2015. Docket No. 1 ¶¶ 30–31. Finally, as laid out below, plaintiffs have alleged that defendants' breach caused them damage. Plaintiffs have thus adequately stated their breach of contract claim.

Through their complaint and at the damages hearing, plaintiffs presented evidence sufficient to prove damages of $100,500, calculated as follows:

*Loan Principal* ......................$65,000
*Third interest payment* ..........$13,000
*Penalty* ................................$19,500
*Attorney's fees*........................$3,000
***Total*** ..................................**$100,500**

Docket No. 1 ¶¶ 28–34. Perfect Sweet, LD White, and any stockholders of the two aforementioned companies are jointly and severally liable for this amount per the terms of the investor agreement and promissory note. Docket Nos. 17-1; 17-2. Plaintiffs have adequately alleged that both Perfecto Izquierdo Rivera, and Herminio J. Rivera Morales are stockholders of Perfect Sweet and LD White. Docket No. 1 ¶ 6–7; *see Ramos-Falcón* 301 F.3d at 2; *Franco* 184 F.3d at 9 n.3. As such,

Perfecto Rivera and Herminio Morales are jointly and severally liable to plaintiffs for $100,500 per the terms of the investor agreement and the promissory note. Docket Nos. 1 ¶ 6–7; 17-1; 17-2. Separately, Perfecto Izquierdo Rivera is also liable to the plaintiffs for $100,500 in his capacity as the representative of Perfect Sweet in the promissory note. Docket No. 17-2.

Plaintiffs have also alleged that Beti Doe is the spouse of Herminio Morales and is in a conjugal partnership with him, thus making her liable as a guarantor for any damages attributable to Herminio Morales. Docket No. 1 ¶ 8. However, neither the investor agreement nor the promissory note name the Morales/Doe conjugal partnership as guarantors. Docket Nos. 17-1; 17-2.

Liability is generally "something personal of the spouse who committed it," but when a conjugal partnership has benefitted from one spouse's illegal actions, liability can also fall on the partnership. *Lugo Montalvo v. González Manón*, 4 P.R. Offic. Trans. 517, 524 (1975). Here, plaintiffs have neither alleged nor established that the Morales/Doe conjugal partnership benefited from the defendants' breach of contract. Docket No. 1 ¶ 8. Rather, they seem to argue that the conjugal partnership should be liable in a subsidiary manner in the event that Perfect Sweet, LD White, and any other named defendants possess insufficient assets to fully idemnify the plaintiffs. Docket No. 1 ¶¶ 4–8. If an illegal act has been committed by one spouse alone, "the marital community is not bound to answer economically *in the first place* for said damage." *Sepulveda v. Maldonado Febo*, 8 P.R. Offic. Trans. 556, 559 (P.R. 1979). Thus, since there are no express allegations that the conjugal partnership is primarily liable for the judgment or that it benefited from Herminio Morales's delinquent conduct, including the conjugal partnership in the judgment would be premature.

After plaintiffs have attempted enforcement of the debt against Herminio Morales, plaintiffs may then charge the debt against the conjugal partnership. *Rivera-Dávila v. Asset Conservation, Inc.*, Civil No. 90-2118 (CCC), 1997 WL 665540, at *2. In doing so, they must first exhaust the liable spouse's private assets, then the liable spouse's share of the conjugal property, and should that be insufficient, the rest of the conjugal property. *Id.* Here, this would mean that

once the plaintiffs have a final judgment to enforce, they must attempt enforcement against Herminio Morales's assets first. In the event these assets are insufficient, plaintiffs may then seek judgment against the Rivera/Doe conjugal partnership.

### *Attorney's Fees*

Plaintiffs seek attorney's fees of $3,000 per the terms of the promissory note. Docket No. 1 ¶ 34; 17-2 at 1. The plaintiffs have provided no documentation proving any fees and costs relating to the current dispute. However, the defendants are contractually obligated to pay the plaintiffs $3,000 towards any attorney's fees should the need for litigation arise. Docket No. 17-2. That need has clearly arisen. Furthermore, in Puerto Rico "the award of attorney's fees to the prevailing party depends exclusively on the decision of the presiding judge with regard to whether or not the losing party, or his counsel, acted in a frivolous or obstinate manner." *Corpak, Art Printing v. Ramallo Bros.*, No. RE-87-586, 1990 WL 710162 (P.R. 1990). Defendants have needlessly delayed this suit by failing to respond to various motions made by the plaintiffs, and therefore attorney's fees would still be warranted even if they were not contractually obligated in this instance.

### *Mental Anguish*

Plaintiffs allege that they have suffered mental anguish in the amount of $75,000 as a result of defendants' breach of the investor agreement and promissory note. Docket No. 1 ¶¶ 47–49. Under Puerto Rico law, a plaintiff "may recover damages for mental suffering, even without any physical injury being alleged or proven." 31 L.P.R.A. § 5141; *Burke v. Compagnie Nationale Air France*, 699 F. Supp. 1016, 1019 (D.P.R. 1988) (quoting *Room v. Caribe Hilton Hotel*, 659 F.2d 5, 8 (1st Cir. 1981)). Liability for mental anguish under 31 L.P.R.A. § 5141 "requires proof of only three elements: 1) negligent or culpable conduct; 2) harm; and 3) a legally sufficient causal connection between the conduct and the harm." *Burke*, 699 F. Supp. at 1019. However, damages for mental anguish are more limited in breach of contract disputes. *See Serrano v. Nicholson Nursery, Inc.*, 844 F. Supp. 73, 76 (D.P.R. 1994) ("Although Puerto Rico recognizes moral damages for breach of contract, damages for emotional distress will not be awarded unless evidence establishes that the mental condition of plaintiffs has been considerably affected.")

Furthermore, judgments for compensation stemming from mental anguish are "necessarily subjective and must rest upon an evaluation of: 1) the severity of the pain suffered; 2) its duration; and 3) its mental consequences." *Id.*

Plaintiffs have alleged that they have suffered mental anguish since September 25, 2015, the date at which the third interest installment and principal were due according to the terms of the promissory note. Docket No. 1 ¶ 47. Plaintiffs have not proffered concrete evidence as to the extent or severity of the pain that they have suffered or the mental consequences of their distress. Docket No. 1. Instead, plaintiffs simply contend that they have been under constant stress. *Id.* at 48.

In *Serrano v. Nicholson Nursery, Inc.*, the plaintiffs alleged that they had suffered mental and emotional damages because they had made "plenty of sacrifices" in order to save the money needed to enter into a contract with the defendants for the purchase of Christmas trees as part of a holiday season side-business. 844 F. Supp. 73, 76 (D.P.R. 1994). The plaintiffs also contended that their mental anguish had been magnified by the fact that they had used all of their savings to purchase the trees from the defendants. *Id.* The district court found that the plaintiffs had failed to prove emotional damages because the plaintiffs had made no assertion regarding the "severity of the pain, its duration, and its emotional consequences," offered no medical evidence that they had suffered emotional distress, and made only conclusory allegations at best. *Id.*

Here, the plaintiffs similarly have offered no medical evidence that they suffered mental anguish and have offered only conclusory allegations that they suffered anguish because of lost opportunities for family vacations and entertainment opportunities. Docket No. 1 ¶ 48. Plaintiffs' allegation that they suffered anguish because the money at issue in this case was intended to be a college fund for their two daughters is also conclusory and does not prove any extent of the anguish suffered. *Id.* at 47. Plaintiffs' request for $75,000, or roughly half of the damages requested in this case, is excessive and unsupported. Because the plaintiffs have not shown "that their emotional condition has been affected substantially," no damages for mental anguish will be awarded. *Reyes v. E. Airlines, Inc.*, 528 F. Supp. 765, 767 (D.P.R. 1981).

***Additional Damages***

Plaintiffs also seek "the legal interest accrued since September 26, 2015" on the amount of $100,500 which they seek as damages per the terms of the promissory note and investor agreement. Docket No. 80 at 11. "When state-law claims (such as the contract claims at issue here) are adjudicated by a federal court, prejudgment interest is normally a matter of state law." *In re Redondo Const. Corp.*, 820 F.3d 460, 464 (1st Cir. 2016). "Article 1061 of the Puerto Rico Civil Code provides parties to a breach of contract with a right to interest as an indemnity for default." *Id.*

Under Article 1061, if an obligation consists in the payment of money and the debtor is in default, "the indemnity for losses and damages, should there not be a stipulation to the contrary, shall consist in the payment of the interest agreed upon, and should there be no agreement, in that of the legal interest." 31 L.P.R.A. § 3025.

Here, plaintiffs are entitled to interest. *See In re Redondo Const. Corp.*, 820 F.3d at 464; 31 L.P.R.A. § 3025. However, as the plaintiffs and defendants expressly agreed on an interest rate to be paid in the event of default, and plaintiffs have already included that interest rate within their request for $100,500, plaintiffs are entitled to no additional interest on the monies owed. Docket Nos. 1 ¶ 33; 80 at 8; 17-2 at 1; *In re Redondo Const. Corp.*, 820 F.3d at 464.

## CONCLUSION

For the above reasons, plaintiffs' motion for default judgment is **GRANTED** as to the breach of contract claim. Judgment is entered for plaintiffs against Perfect Sweet, LD White Sugar Corp., Perfecto Izquierdo Rivera, and Herminio J. Morales Morales jointly and severally in the amount of **$100,500**.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 23rd day of July, 2018.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge